RECEIVED
APR 28 2021
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY_____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | 3:21-cr-00016 |
| VERSUS | * | Judge Doughty |
| | * | Magistrate Judge McClusky |
| LEE UNDERWOOD, JR. (01) | * | |
| RUBY JANE MCMILLIAN (02) | * | |

### SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### COUNT 1
Conspiracy to Possess with Intent to
Distribute Methamphetamine
[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), and 846]

On or about November 20, 2020, in the Western District of Louisiana and elsewhere, the defendants, **Lee Underwood, Jr.**, **Ruby Jane McMillian**, and others known and unknown to the Grand Jury, did knowingly and intentionally conspire and agree together to distribute or to possess with the intent to distribute five (5) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, and fifty (50) grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(viii), and 846. [21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), and 846].

## COUNT 2
Possession with Intent to Distribute Methamphetamine
[21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii)]

On or about November 20, 2020, in the Western District of Louisiana and elsewhere, the defendants, **Lee Underwood, Jr.** and **Ruby Jane McMillian**, knowingly possessed with the intent to distribute five (5) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, and fifty (50) grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(viii). [21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii)].

## COUNT 3
Possession of a Firearm in Furtherance of Drug Trafficking
[18 U.S.C. § 924(c)(1)]

On or about November 20, 2020, in the Western District of Louisiana and elsewhere, the defendant, **Lee Underwood, Jr.**, knowingly and intentionally possessed firearms, to wit: GSG pistol, model: Firefly, caliber: 22LR, and a CVA rifle, model: Elite Stalker, caliber: .35 Whalen, in furtherance of a drug trafficking crime, for which he may be prosecuted in a court of the United States, that is, the conspiracy to distribute and possess with intent to distribute five (5) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, and fifty (50) grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, as alleged in Count 1; and possession with intent to distribute five (5) grams or more of

methamphetamine, its salts, isomers, and salts of its isomers, and fifty (50) grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, as alleged in Count 2, in violation of Title 18, United States Code, Section 924(c)(1). [18 U.S.C. § 924(c)(1)].

## COUNT 4
Possession of a Firearm by a Convicted Felon
[18 U.S.C. §§ 922(g)(1) and 924(a)(2)]

On or about November 20, 2020, in the Western District of Louisiana and elsewhere, the defendant, **Lee Underwood, Jr.**, knowing he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms, to wit: GSG pistol, model: Firefly, caliber: 22LR, and a CVA rifle, model: Elite Stalker, caliber: .35 Whalen, and ammunition, and the firearms and ammunition were in and affecting instate commerce, all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). [18 U.S.C. §§ 922(g)(1) and 924(a)(2)].

## SENTENCING ENHANCEMENT BASED ON PRIOR CONVICTION

Before the defendant, **Lee Underwood, Jr.**, committed the offenses charged in Counts 1 and 2, the defendant was convicted on August 15, 2005 of Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense. As a result of this conviction,

3

the defendant is subject to increased punishment under Title 21, United States Code, Section 841(b)(1)). [21 U.S.C. § 841(b)(1)].

## SENTENCING ENHANCEMENT BASED ON PRIOR CONVICTION

Before the defendant, **Ruby Jane McMillian**, committed the offenses charged in Counts 1 and 2, the defendant was convicted on January 12, 2016 of Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, a serious drug felony, for which she served more than 12 months of imprisonment and for which she was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense. As a result of this conviction, the defendant is subject to increased punishment under Title 21, United States Code, Section 841(b)(1)). [21 U.S.C. § 841(b)(1)].

## FORFEITURE NOTICE

The allegations in all counts are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853, and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A. Upon conviction of the firearm offenses alleged in Counts 3 and 4 of the Superseding Indictment, **Lee Underwood, Jr.** shall forfeit to the United States the following firearms involved in the aforesaid offenses: GSG pistol, model: Firefly, caliber: 22LR, and a CVA rifle, model: Elite Stalker, caliber: .35 Whalen, and ammunition.

  B. Upon conviction of the controlled substance offense alleged in Counts 1 and 2 of the Superseding Indictment, the defendants, **Lee Underwood, Jr.** and **Ruby Jane McMillian**, shall forfeit to the United States all of their interest in:

    1. Any property consisting of or derived from proceeds the Defendants obtained directly or indirectly as the result of said violations set forth in this Superseding Indictment; and,

    2. Any property used or intended to be used in any manner or part to commit or facilitate the commission of the aforementioned offenses described in Counts 1 and 2.

  C. By virtue of the offenses charged in this Superseding Indictment, any and all interest in the above-described property is vested in the United States and is forfeited to the United States pursuant to Title 18, United States Code, Section 924(d), Title 21 United States Code, Section 853, and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

  D. If the property described above as being subject to forfeiture as a result of any act or omission of the Defendants:

    1. Cannot be located upon the exercise of due diligence;

    2. Has been transferred or sold to, or deposited with, a third person;

    3. Has been placed beyond the jurisdiction of the Court;

    4. Has been substantially diminished in value; or

    5. Has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of substitute property of the defendants up to the value of the property subject to forfeiture.

A TRUE BILL:

*REDACTED*

GRAND JURY FOREPERSON

ALEXANDER C. VAN HOOK
Acting United States Attorney

_____
JESSICA D. CASSIDY (LA Bar #34477)
Assistant United States Attorney
300 Fannin Street, Suite 3201
Shreveport, Louisiana 71101
Phone: (318) 676-3600