UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.: 3:21-cr-00016-01 |
| | * | |
| VERSUS | * | DISTRICT JUDGE DOUGHTY |
| | * | |
| LEE UNDERWOOD, JR. (01) | * | MAGISTRATE JUDGE MCCLUSKY |

PLEA AGREEMENT

A. INTRODUCTION

1. This document contains the complete plea agreement between the government and LEE UNDERWOOD, JR. the defendant. No other agreement, understanding, promise, or condition exists, nor will any such agreement, understanding, promise or condition exist unless it is committed to writing in an amendment attached to this document and signed by the defendant, an attorney for the defendant, and an attorney for the government. The terms of this plea agreement are only binding on the defendant and the government if the Court accepts the defendant's guilty plea.

B. THE DEFENDANT'S OBLIGATIONS

1. LEE UNDERWOOD, JR. shall appear in open court and plead guilty to Counts 2 and 3 of the Superseding Indictment in this case.

C. THE GOVERNMENT'S OBLIGATIONS

1. If the defendant completely fulfills all obligations and agreements under this plea agreement, the government agrees to dismiss the remaining counts of the superseding indictment after sentencing (including the sentencing enhancement

1

provision), and it will not prosecute the defendant for any other offense known to the United Sate's Attorney's Office, based on the investigation which forms the basis of the superseding indictment.

2. The government will and hereby moves pursuant to U.S.S.G. § 3E1.1(b) for the defendant to receive a one-point reduction in his offense level should that offense level be 16 or greater, as the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

D. SENTENCING

LEE UNDERWOOD, JR. understands and agrees that:

1. The maximum punishment on Count Two of the Superseding Indictment is a term of imprisonment of not less than (5) years and not more than forty (40) years or a fine of not more than $5,000,000 (pursuant to 21 U.S.C. § 841(b)(1)(B)(viii)), or both. At the time of the signing of this plea agreement, the parties agree and stipulate that only 28 grams of "actual" or "pure" methamphetamine are attributable to UNDERWOOD. The parties understand that the Court is not bound by this stipulation.

2. The maximum punishment on Count Three of the Superseding Indictment is a term of imprisonment of not less than 5 years (pursuant to 18 U.S.C. § 924(c)(1)(A)(i)). The defendant further understands that this sentence cannot be probated, and that this sentence shall run consecutively to any term of

imprisonment imposed on Count One.

3. The defendant shall be required to pay a special assessment of $200 **at the time of the guilty plea** by means of a cashier's check, bank official check, or money order payable to "Clerk, U.S. District Court";

4. As to Count Two of the Superseding Indictment, the defendant shall receive a term of supervised release of not less than five (5) years nor more than life in addition to any term of imprisonment imposed by the Court;

5. As to Count Three of the Superseding Indictment, the defendant may receive a term of supervised release of not more than five (5) years in addition to any term of imprisonment imposed by the Court;

6. A violation of any condition of supervised release at any time during the period of supervised release may result in the defendant being incarcerated over and above any period of imprisonment initially ordered by the Court;

7. The period of incarceration for a violation of a condition of supervised release could be as much as the full term of supervised release initially ordered by the Court regardless of the amount of time of the supervised release the defendant had successfully completed;

8. Any fine imposed as part of the defendant's sentence will be made due and payable immediately, and any federal income tax refund received by the defendant from the Internal Revenue Service while there is an outstanding fine shall be applied toward the fine;

9. The defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on him to be used in consideration of his ability

3

to pay any fine that may be imposed by the Court;

10. As part of the presentence investigation, the government will make available to the Court all evidence developed in the investigation of this case, including, when they become available, the lab reports concerning the weight and purity of the drugs in this case;

11. This case is governed by the Sentencing Reform Act as modified by United States v. Booker, 543 U.S. 220 (2005), that the defendant has discussed the Sentencing Guidelines and their applicability with defendant's counsel, and understands and acknowledges that a final determination of the applicable guidelines range cannot be made until the completion of the presentence investigation;

12. The sentencing judge alone will decide what sentence to impose; and

13. The failure of the Court to adhere to a sentencing recommendation tendered by counsel shall not be a basis for setting aside the guilty plea, which is the subject of this agreement.

E. FORFEITURE

1. Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), LEE UNDERWOOD, JR. agrees to forfeit and/or abandon all of his rights, title, and interest in the following property seized by local, state or federal authorities from his residence on or about November 20, 2020: GSG pistol, Model: Firefly, caliber: 22LR, and a CVA rifle, Model: Elite Stalker, caliber: .25 Whalen, ammunition, and $2,512.00 in currency located in a pair jeans found in UNDERWOOD's bedroom. The defendant further agrees to execute any documents or take any other steps requested by the Government to accomplish the forfeiture/abandonment or to resolve any claims

4

against the assets in this case.

F. REINSTATEMENT OF SUPERSEDING INDICTMENT

1. LEE UNDERWOOD, JR. understands and agrees that should this plea be overturned for any reason at a later date, the Superseding Indictment, in its entirety, will be automatically reinstated without need for presentment to a Grand Jury or any motion or other action by the Government.

G. ENTIRETY OF AGREEMENT

1. This plea agreement consists of this document and any addendum required by Standing Order 1.86. The defendant, the defendant's attorney, and the government acknowledge that this plea agreement is a complete statement of the parties' plea agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

H. SIGNATURE OF ATTORNEY FOR THE DEFENDANT, THE DEFENDANT, AND THE ATTORNEY FOR THE GOVERNMENT

I have read this plea agreement and have discussed it fully with my client, LEE UNDERWOOD, JR. It accurately and completely sets forth the entire plea agreement.

I concur in LEE UNDERWOOD, JR. pleading guilty as set forth in this plea agreement.

Date: 4-28-2021

MICHAEL L. DUBOS
Counsel for Defendant

I have read this plea agreement and have discussed it with my attorney. I fully understand the plea agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

I affirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case.

Date: 4-28-2021

LEE UNDERWOOD, JR.
Defendant

I accept and agree to this plea agreement on behalf of the United States of America.

Date: 5/4/2021

ALEXANDER C. VAN HOOK
Acting United States Attorney

JESSICA D. CASSIDY
Assistant United States Attorney
300 Fannin Street, Suite 3201
Shreveport, Louisiana 71101
(318) 676-3600