# United States Court of Appeals

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

January 05, 2023

Mr. Tony R. Moore
Western District of Louisiana, Monroe
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

    No. 21-30518    USA v. Underwood
                         USDC No. 3:04-CR-30059-1
                         USDC No. 3:21-CR-16-1

Dear Mr. Moore,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                        Sincerely,

                        LYLE W. CAYCE, Clerk

                        By: _____
                        Whitney M. Jett, Deputy Clerk
                        504-310-7772

cc:
    Ms. Jessica Cassidy
    Ms. Camille Ann Domingue
    Ms. Elizabeth Cary Dougherty
    Ms. Cristina Walker

# United States Court of Appeals
# for the Fifth Circuit

---

No. 21-30518
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
December 14, 2022

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee,*

*versus*

LEE E. UNDERWOOD, JR.,

*Defendant—Appellant.*

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:04-CR-30059-1

---

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges*.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

Certified as a true copy and issued
as the mandate on Jan 05, 2023

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

# United States Court of Appeals
# for the Fifth Circuit

---

No. 21-30528
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
December 14, 2022

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

versus

LEE E. UNDERWOOD, JR.,

*Defendant—Appellant.*

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:21-CR-16-1

---

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges*.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.



Certified as a true copy and issued
as the mandate on **Jan 05, 2023**

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

# United States Court of Appeals
# for the Fifth Circuit

No. 21-30518
CONSOLIDATED WITH
No. 21-30528
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
December 14, 2022
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LEE E. UNDERWOOD, JR.,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 3:04-CR-30059-1
USDC No. 3:21-CR-16-1

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:*

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-30518
c/w No. 21-30528

Lee E. Underwood, Jr., began a five-year term of supervised release in October 2019. In September 2020, the district court granted the probation officer's request to modify the conditions of Underwood's supervision to require his participation in a drug treatment program. Underwood failed to participate in the program and was arrested on a revocation warrant. Agents subsequently executed a search warrant at his residence and found methamphetamine, marijuana, heroin, fentanyl, and several firearms. Underwood pleaded guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Before he was sentenced on those charges, Underwood's probation officer petitioned the district court to revoke his supervision based in part on his commission of new crimes.

At a joint revocation and sentencing hearing, Underwood pleaded true to the revocation allegations. The district court found that he had committed the violations, revoked his supervised release, and sentenced him to 35 months in prison. As for the new offenses, the district court imposed an upward departure under U.S.S.G. § 4A1.3 and sentenced Underwood above the guidelines range to 145 months in prison on the drug charge and 60 months in prison on the firearms charge. The district court ordered each term of imprisonment, including the 35-month revocation sentence, to run consecutively, for a total of 240 months. Underwood appeals both judgments, and the appeals have been consolidated.

Underwood argues on appeal that his probation officer had an obligation to seek to revoke his supervised release earlier and that, if the probation officer had done so, Underwood would not have had the opportunity to commit new violations of the law. He asserts that this failure constitutes a violation of his constitutional right to due process. Because Underwood did not preserve this claim by raising it at the district court, we

review for plain error only. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To show plain error, Underwood must show a forfeited error that is clear or obvious and that affects his substantial rights. *See id.* "An error is not plain under current law if a defendant's theory requires the extension of precedent." *United States v. Lucas*, 849 F.3d 638, 645 (5th Cir. 2017) (internal quotation marks and citation omitted). Underwood's theory is without precedent and accordingly does not survive plain error review. *See id.*

Underwood also challenges the imposition of the upward departure under § 4A1.3 as substantively unreasonable. Preserved claims of sentencing error are reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). In the context of a § 4A1.3 departure, reasonableness review requires us to evaluate both "the district court's decision to depart upwardly and the extent of that departure for abuse of discretion." *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (internal quotation marks and citation omitted).

Here, the district court's stated reasons for assessing the upward departure advance the objectives set forth in 18 U.S.C. § 3553(a)(2) and are justified by the facts of the case. *See Zuniga-Peralta*, 442 F.3d at 347. In particular, Underwood was a repeat offender who had shown a dangerous propensity to commit similar crimes, even while on supervised release. The district court likewise did not err in determining the extent of the departure, which was only 20 months, or 16%, above the advisory guidelines maximum for the drug charge. Finally, nothing in the record suggests that the district court abused its discretion in considering or balancing the § 3553(a) sentencing factors. *See Gall*, 552 U.S. at 51.

AFFIRMED.